Application of the **UNITED STATES** of America.

**Elmer H. DUDLEY, Martin Sklaroff, et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 28636

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 22, 1970.

As Modified on Denial of Rehearing June 18, 1970.

Joe Salem, Atlanta, Ga., for Dudley.

James J. Hogan, Miami Beach, Fla., for Sklaroff.

Robert W. Rust, U. S. Atty., Dougald D. McMillan, Atty., U. S. Dept. of Justice, Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ This is an appeal from an order of the district court denying the appellants' petitions seeking suppression of intercepted wire communications, disclosure of those communications, a declaration of the invalidity of the order authorizing the interceptions, and other relief. We do not reach the merits of the legality vel non of the wiretaps, for we have determined that the appeal should be dismissed for lack of jurisdiction.[1]

The wiretaps in question were authorized by the district court on application of the Federal Bureau of Investigation pursuant to the provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. The appellants filed their motions to suppress under § 2518(10)(a) of the Act, prior to arrest or indictment. Following a lengthy hearing on the motions, the district court held that the motions were premature because § 2518(10)(a) did not contemplate a pre-indictment or pre-grand jury motion to suppress. However, the court went on to hold the order of authorization sufficient, the interceptions lawful, and the challenge to the constitutionality of the Omnibus Crime Control and Safe Streets Act of 1968 to be without merit.

After the appellants filed notice of appeal, the government moved to dismiss the appeal on the ground that the order of the district court was not a final decision and was not appealable under 28 U.S.C. § 1291. Another panel of this court ordered the motion carried with the case. We believe that it is now proper to dismiss the appeal for the following reasons:

■ 1. The Supreme Court, in DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), specifically held that an order granting or denying a pre-indictment motion to suppress is not a final decision under § 1291, nor is there a statutory exception permitting appeal from this type of interlocutory order.

■ 2. The appellants' motions in the court below included a demand for the return of property, but the Court in DiBella held that "[o]nly if the motion is solely for return of property *and* is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." (Emphasis supplied.) 369 U.S. at 131, 132, 82 S.Ct. at 660. As regards the appellants Dudley, the three Sklaroffs, Blott and Richmond, who are now under indictment for violations of Title 18, U.S.C., their motion to suppress is an integral part of criminal proceedings *in esse* the denial of which is nonappealable at this time. In a like manner, the motion to suppress of appellants Rogers, Wittell and Green is nonappealable for the motion is not solely for the return of property, in conformity to the DiBella rule, but primarily seeks suppression of evidence from grand juries in criminal proceedings. DiBella v. United States, supra at 131, 132, 82 S.Ct. at 660, 661.

■ 3. The appellants maintain that "should there be no allowance of a pre-indictment motion to suppress, there would be no remedy for those individuals whose communications were intercepted, but who were not subsequently indicted." Although the argument is an interesting one, the appellants are not without a remedy, since they have been indicted. The fact that the indictments were returned after the ruling by the district judge is irrelevant: the order is nonappealable in any case. Id. at 131, 82 S.Ct. 654.

■ 4. We agree with the district court that nothing in the Omnibus Act,

---

1. Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral arguments and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969) and Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

particularly § 2518(10) (a), created a statutory exception which would permit a pre-indictment motion to suppress evidence that might be presented to a grand jury, much less an exception permitting an appeal from the denial of such a motion. The legislative history of the Act supports this conclusion. See Senate Rep.No.1097, 90th Cong., 2nd Sess. (1968) at p. 2195.

Accordingly, the appeal is dismissed.