495 P.2d 844

The STATE of Arizona ex rel. Moise BERGER, Maricopa County Grand Jury, an Investigative Body of the County of Maricopa, State of Arizona, Petitioners,

v.

The Honorable Robert L. MYERS, Judge of the Superior Court, Arizona, and Olen Leroy JAMES, Real Party in Interest, Respondents.

No. 10820.

Supreme Court of Arizona,
In Banc.
April 7, 1972.

Moise Berger, Maricopa County Atty., by Alan L. Hammond and William H. McLean, Deputies County Attys., Phoenix, for petitioners.

Flynn, Kimerer, Thinnes & Galbraith, by John J. Flynn, Phoenix, for respondents.

STRUCKMEYER, Justice.

This is a special action instituted by the State of Arizona out of the relation of Moise Berger, County Attorney of Maricopa County, seeking a writ of prohibition against the Honorable Robert L. Myers, Judge of the Superior Court of Maricopa County, Arizona, and Olen Leroy James as the real party in interest. Ordered that the peremptory writ of prohibition issue in accordance with petitioner's prayer.

On March 23, 1972, Respondent Olen Leroy James sought from Judge Myers a temporary restraining order enjoining the grand jury duly empaneled in Maricopa County, Arizona from proceeding with an inquiry pertaining to a criminal offense or offenses possibly committed by James. James alleged in his complaint before Judge Myers that certain witnesses had been and were being confronted by the grand jury with illegally obtained wiretap evidence. He further alleged that if the grand jury was not restrained from continuing its investigation, he will be forced to suffer irreparable damages in that an indictment might be returned charging him with a felony. James asked that petitioners here be restrained and enjoined from proceeding with the inquiry until there was an opportunity to determine whether the evidence presented to the grand jury constituted sufficient legal evidence upon which to issue an indictment. Judge Myers issued the restraining order as requested. We accepted jurisdiction to determine whether a grand jury may conduct its duly authorized investigations in secrecy, unhampered by prior judicial restraints.

The grand jury is by law a public body of qualified persons sworn to inquire into public offenses, A.R.S. § 21–401, subsec. 1. It must inquire into every offense which is presented to it by the county attorney, A.R.S. § 21–407, subsec. A. It would seem supererogatory to say that the county attorney is a constitutional officer charged with the responsibility of enforcing the public laws, A.R.S. Constitution of Arizona, Article 12, §§ 3 and 4, A.R.S. § 11–532, as amended.

By statute, § 12–1802, the legislature stated the circumstances under which injunctions may not be granted by a court in Arizona. Among other things, it provided:

"An injuncton shall not be granted * * * [t]o prevent enforcement of a public statute by officers of the law for the public benefit." A.R.S. § 12–1802, subsec. 4.

In 1939, this Court, in Hislop v. Rodgers, 54 Ariz. 101, 92 P.2d 527, held that the statute, § 12–1802, supra, was constitutional. This language was quoted with approval from Southern Oregon Co. v. Quine, 70 Or. 63, 67–68, 139 P. 332, 333 (1914):

" 'We think the law is fixed beyond cavil that courts of equity have no power by injunction to restrain a public officer from performing an official act that he is required by valid law to perform. It is not sufficient to clothe the court with jurisdiction to say simply that, unless the court extends its restraining hand, hardships will follow, or irreparable damage will ensue, because the officer delegated to execute such law may act unwisely or injuriously to the party seeking relief. The acts must be such as are without the sanction of a sound law.' " 54 Ariz. 101, 109, 92 P.2d 527, 531.

In Hislop v. Rodgers, the Honorable G. A. Rodgers, Judge of the Superior Court, sought to entertain proceedings prohibiting Roy R. Hislop, City Manager, E. C. Moore, Chief of Police, and W. Q. Glick, City Magistrate, of the City of Phoenix, from padlocking an establishment in order

to prevent the use of the premises as a public nuisance. This Court held that by virtue of the city charter, the City of Phoenix was empowered to summarily abate any nuisance and that the obvious purpose of § 12–1802 was to prevent interference by the judicial branch of the government with the enforcement of laws by the use of the power of injunction. After holding that the city ordinance was undoubtedly a constitutional and valid one, the Court said the injunctive process was not available in order to prevent lawful acts of the City Manager, Chief of Police and City Magistrate pursuant to the ordinance, and that, therefore, the Superior Court was without jurisdiction.

■■ The principle has been too long settled to now retreat from the plain words of the statute. The superior courts of this state may not restrain a public official such as the county attorney or a public body such as the grand jury from discharging the duties imposed upon them by law. The county attorney shall present and the grand jury must inquire into criminal offenses triable within the county, A. R.S. § 21–407, cited supra. Only where public officers are acting illegally or in excess of their powers may they be enjoined. Board of Regents v. Tempe, 88 Ariz. 299, 356 P.2d 399 (1960); Hunt v. Superior Court, 64 Ariz. 325, 329, 170 P.2d 293, 295 (1946).

■ As to the illegality of Berger's and the grand jury's actions, James urges that he has a right to suppress evidence illegally obtained and that to facilitate this right the superior court has the power to issue an order restraining a grand jury investigation in part or wholly dependent thereon. Respondents do not support their position with any citation of precedent, and we do not think their position is sound.

■■ It is the duty of the grand jury to investigate the enforcement of law and order, preserve and protect the morals and social order, and bring to light for exami-

nation, trial and judgment all violence, outrages, and indecencies. State v. Bramlett, 166 S.C. 323, 327, 164 S.E. 873, 875 (1932). In pursuing its investigations, the grand jury is not bound to act on the customary rules of evidence. In State v. Kemp, 126 Conn. 60, 71, 9 A.2d 63, 69 (1939), the court, while conceding that a grand jury engaged in a general investigation should return an indictment against an individual only when the indictment is justified by evidence admissible in trial, said:

> "To restrict a grand jury, in carrying on an investigation of this kind, to eliciting only such testimony as would be admissible in court, would greatly impair its ability to ferret out criminal conduct, and we know of no principle of law which requires that while in pursuance of such an inquiry it is bound by the rules of evidence."

In In re McDonough, 21 Cal.App.2d 287, 288, 68 P.2d 1020 (1937), the court said:

> "If it be a fact that evidence was obtained in an unlawful manner, this is no objection to its use for the purpose of the investigation. * * *."

■ While property seized under a search warrant without probable cause may be returned to its owner, A.R.S. § 13–1452, as amended, there is no statute or rule of procedure which permits the suppression of the product of illegally obtained wiretap evidence, assuming the wiretap evidence presently being used by the grand jury was wrongfully obtained, prior to indictment. A supposed criminal offender may not circumscribe investigation by a pre-indictment motion to test the quality of the evidence being utilized by a grand jury. At least one federal court has recently held that there is nothing in the federal statutes which "would permit a pre-indictment motion to suppress evidence that might be presented to a grand jury." Application of United States, 427 F.2d 1140, 1142 (5th Cir. 1970). Neither is there such authority in Arizona.

As the court in West v. United States, 359 F.2d 50, 55–56 (8th Cir. 1966) pointed out:

"The case of Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) held that illegally seized evidence could not be introduced in a federal criminal trial. We are aware of no case which extends this rule to grand jury proceedings."

Ordered that the Peremptory Writ of Prohibition issue forthwith.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.