500 P.2d 1146

**STATE of Arizona, Appellant,**

v.

**William COUSINO, Appellee.**

**No. 2 CA–CR 295.**

Court of Appeals of Arizona, Division 2.

Sept. 20, 1972.

Gary K. Nelson, Atty. Gen., Rose Silver, Pima County Atty., by L. Terry Grimble, Deputy County Atty., Tucson, for appellant.

Edward P. Bolding, Pima County Public Defender, by William Callaway, Deputy Public Defender, Tucson, for appellee.

HATHAWAY, Judge.

The State of Arizona has appealed from a quashal of a grand jury indictment.

Defendant Cousino was indicted by the Pima County Grand Jury on September 30, 1971, for an alleged forgery. The evidence before the grand jury consisted of hearsay testimony by Detective Scoopmire whose only contact and knowledge of the case was a telephone conversation with the alleged victim.

Defendant was arraigned in Pima County Superior Court on October 5, 1971, and plead not guilty.

On November 4, 1972, a motion to quash the forgery indictment was filed. The motion was based upon the theory that the testimony presented to the grand jury was gross hearsay and conclusionary in nature; further, that such testimony was a violation of the Fourteenth Amendment to the United States Constitution. The motion was granted and this appeal followed.

Appellee attempts to support the quashal on the basis that A.R.S. § 21–401 et seq., enacted by our legislature in 1971, requires that gross hearsay be excluded as a basis for a grand jury indictment. We find nothing in the new legislation affecting the problem raised on this appeal. Our opinion is further supported by the following pronouncement by our Supreme Court subsequent to the enactment of the bill:

"To restrict a grand jury, in carrying on an investigation of this kind, to eliciting only such testimony as would be admissible in court, would greatly impair its ability to ferret out criminal conduct, and we know of no principle of law which requires that while in pursuance of such an inquiry it is bound by the rules of evidence." State ex rel. Berger v. Myers, 108 Ariz. 248, 250, 495 P.2d 844, 846 (1972).

The quashing of indictments is governed by Rules 103 and 169 of the Arizona Rules of Criminal Procedure, 17 A.R.S. Rule 103, subd. A provides:

". . . no indictment shall be quashed or judgment of conviction set aside on the ground that there was not sufficient legal evidence."

Rule 169 sets forth the grounds for quashing an indictment and none of the grounds set forth relate to the sufficiency or competency of the evidence. The Supreme Court has on various occasions interpreted these two rules as clearly stating that an indictment or information may not be quashed on grounds of insufficient or in-

competent evidence since such grounds are not set forth in Rule 169, supra. State v. Abbott, 103 Ariz. 336, 442 P.2d 80 (1968); State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965); Pfeiffer v. State, 35 Ariz. 321, 278 P. 63 (1929).

The constitutionality of allowing a grand jury to consider hearsay testimony as evidence for indictment has been upheld by the Supreme Court of the United States. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

■■■ Appellee further supports the quashal on the theory that allowing hearsay testimony at a grand jury proceeding, while disallowing this same testimony at a preliminary hearing, would be violative of the equal protection clause of the Fourteenth Amendment. The rationale is that different evidentiary rules for these two proceedings would establish completely different standards of proof for persons charged with the same offense, all depending upon which of the two the prosecuting attorney chooses.

This court has previously ruled that a prosecuting attorney may proceed by either indictment or information without violating the Fourteenth Amendment of the United States Constitution, notwithstanding the fact that these two alternatives provide completely different procedures. Burke v. Superior Court, 3 Ariz.App. 576, 416 P.2d 997 (1966). It is a well-settled rule of law that every person charged with a crime need not be treated exactly the same as every other person charged with the same crime. State v. Kanistanaux, 68 Wash.2d 652, 414 P.2d 784 (1966).

■■■ Although the timeliness of the motion to quash was not raised in the court below, we note the waiver of Rule 177, Rules of Criminal Procedure, should have been considered. The defendant's not guilty plea was entered on October 5, with 15 days allowed for motions directed to the indictment. The motion to quash was not filed until November 4. Under these circumstances, granting the motion was improper. State v. Superior Court of Pima County, 102 Ariz. 588, 435 P.2d 485 (1968).

The order quashing the indictment is reversed.

KRUCKER, C. J., and HOWARD, J., concur.