507 P.2d 118

**STATE of Arizona, Appellee,**

v.

**Floyd MATLOCK, Appellant.**

**No. 2475.**

Supreme Court of Arizona, In Banc.

March 14, 1973.

**194**

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

Floyd Matlock was tried by jury and found guilty of sale of heroin in violation of A.R.S. § 36–1002.02. He was sentenced to serve a term of five years to five years and one day in the State Prison. One question is raised on this appeal: Was it reversible error for the trial court to refuse to quash the indictment on the grounds of insufficiency of the bill of particulars?

The defendant, Matlock, does not question the sufficiency of the evidence at the trial, and the evidence discloses that the defendant, Matlock, and a female companion, Pamela Hodges, approached an automobile in which Officer Guzzetta and one Goudreau were the occupants; that after inquiry by Officer Guzzetta as to the whereabouts of a known narcotics dealer, Pamela Hodges engaged in conversation with the officer which resulted in the defendant, Matlock, producing two rubber balloons containing a quantity of heroin which were sold to the officer for $40.

The defendant, Matlock, and Pamela Hodges were subsequently indicted for the illegal sale of heroin and the defendant, Matlock, and Pamela Hodges were arraigned, separate counsel was appointed for each, their pleas of not guilty were entered and the matter set for trial.

On the 27th of October, 1971, defendant moved for a bill of particulars, including a request for:

"2. The names and addresses of all persons present during the commission of the alleged offense, together with a complete description of each person's relationship to any law enforcement agency at or about the time of the alleged offense."

On November 5, 1971, the State, in its memorandum opposing the granting of the bill of particulars, said that except for the name of a confidential informant, the State had no opposition to granting the information requested by the defense motion. On November 16, 1971, the trial court ordered the issuance of a bill of particulars of the information not objected to by the State. The bill of particulars, filed on November 23, 1971, listed only two names of persons present during the commission of the offense, namely Officer Guzzetta and one Goudreau. The cause proceeded to trial, a jury was selected and sworn, and the case was recessed for several days at which time the presentation of evidence was to have begun. On November 29, 1971, the date to which the case had been recessed, counsel for the defendant, Matlock, and Pamela Hodges filed a motion to quash the indictment pursuant to Rule 169, subd. A,

par. 1(b), Rules of Criminal Procedure, 17 A.R.S., on the grounds that the bill of particulars filed by the State was insufficient in that there were additional persons present during the commission of the offense whose names were not furnished. The State was permitted to file a supplemental bill of particulars which listed the name of Jesse Lee Jackson as an additional person who was present during the commission of the offense. The trial court heard argument on the motion, took the matter under advisement and at the conclusion of the State's case denied the motion.

In the hearing before the trial court on the motion to quash, counsel for the defendant, Matlock, and Pamela Hodges acknowledged that they were aware of the existence of Jesse Jackson in that he had been mentioned in the testimony before the grand jury as having been present at the scene of the offense, but counsel argued that they had reason to believe that this individual was more materially involved than the grand jury testimony indicated. It is not argued that counsel for the defense did not know of the whereabouts of Jesse Jackson, and one of the counsel indicated that he knew that Jesse Jackson was in the county jail, and counsel also knew the attorney representing Jackson on the criminal indictment which had been returned against Jackson on an unrelated matter. Counsel for the defense argued that they should have been advised in the bill of particulars of Jesse Jackson.

Counsel for the defense also pointed out that the name of Officer Henry had not been listed either in the bill of particulars or supplemental bill of particulars, and they urged that Officer Henry was a person present during the commission of the offense. The State argued that Officer Henry was not in fact present during the commission of the offense in that he was some 75 to 100 feet away from the transaction, observing it from a location inside a building.

▆ The decision as to whether to quash an indictment is a matter of discre-

tion with the trial court. State v. Good, 10 Ariz.App. 556, 460 P.2d 662 (1969). It is necessary to examine the facts presented to determine whether the court abused that discretion.

Jesse Jackson was not called as a witness either before the grand jury or at trial. His existence had been known by counsel for both defendants since the filing of the grand jury transcript, and both defense counsel readily admitted to the court that they were aware of the existence of Jesse Jackson. The evidence presented at trial showed that Jackson had had a conversation with Officer Guzzetta before either the defendant, Matlock, or Pamela Hodges had arrived at the car, and the evidence disclosed that Jackson left the car and the area around it, and he took no part in either the conversation or transaction which occurred when defendant Matlock and Pamela Hodges came to the car. ·

Officer Henry testified concerning his observation from his location across the street. He estimated his location to be approximately 80 or 90 feet from the vehicle at which the transaction between Officer Guzzetta and the defendants took place. He was unable to hear any of the conversation and his testimony consisted of relating his observations of the actions taken by the various individuals at the car.

While the name of Officer Henry had not been listed in either the bill of particulars or the supplemental bill of particulars his name had been endorsed on the indictment pursuant to Rule 153, Rules of Criminal Procedure, as a witness which the State proposed to call in the case. Thus the defense was not unaware of the existence of Officer Henry.

The defendant, Matlock, relies, principally, upon State v. Von Reeden, 9 Ariz.App. 190, 450 P.2d 702 (1969). In that case an 11-count indictment contained the same allegation for each of the counts, charging grand theft by embezzlement on the same date. Each of the counts was based on a separate transaction involving the purchase of a used car from the defendant's car lot.

**196**

The defendant, Von Reeden, was twice denied a motion for bill of particulars and on the date of trial the State moved to grant the defendant's bill of particulars, which motion was granted and the State presented the particulars which distinguished each count of the indictment. The Court of Appeals held that the defendant had been denied the necessary information to prepare his defense and that he had, in fact, been deprived of a fair trial. We believe the case at issue is clearly distinguishable from *Von Reeden*. The defendant, Matlock, had the substance of the evidence through the transcript of proceedings of the grand jury; the names of all witnesses called to testify at the trial had been endorsed on the indictment; and the record does not disclose any prejudice to the defendant in the presentation of his case.

In a somewhat analogous situation, that is, allowing a witness to testify for the State even though not listed on the indictment or information, we have consistently held that such a person may testify if the trial court in his discretion does not feel that undue prejudice will result to the accused. State v. Ford, 108 Ariz. 404, 499 P.2d 699 (1972); State v. Sherrick, 98 Ariz. 46, 402 P.2d 1 (1965), cert. denied 384 U.S. 1022, 86 S.Ct. 1938, 16 L.Ed.2d 1024 (1966); State v. Lovell, 97 Ariz. 269, 399 P.2d 674 (1965). It must also be pointed out that the information requested, namely, "all persons present during the commission of the alleged offense," is consistent with the information first furnished by the State in the bill of particulars. The alleged offense took place in the presence of the two individuals named in the bill of particulars and the defendants. It was not unreasonable of the State to consider Officer Henry who viewed the scene from a building across the street as not being present during the commission of the offense. Rather than accept this position as a complete answer to the defendants' position we have reviewed the evidence to determine whether the defendant was, in fact, prejudiced by the failure to list Officer Henry in the bill of particulars, and we find there was no such prejudice. Similarly, with regard to the failure to list the name of Jesse Jackson in the bill of particulars we find no prejudice to the defense. The defense was aware of the existence of Jesse Jackson and, from the grand jury testimony, the defense was substantially advised of what part Jesse Jackson played in the case. The evidence clearly disclosed that Jesse Jackson took no part in the actual sale transaction, and, even as with Officer Henry, it would stretch the area of comprehension to consider Jackson as present when the sale took place.

In view of a consideration of all the matters presented we find no abuse of discretion in the trial court's refusal to grant the motion of the defense to quash the indictment.

We have also reviewed the entire record of the proceedings as required by A.R.S. § 13–1715; State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964); and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967), and we find no fundamental error.

Affirmed.

HAYS, C. J., CAMERON, V. J. C., and STRUCKMEYER and LOCKWOOD, JJ., concur.