543 P.2d 773

**The STATE of Arizona ex rel. Charles E. PREIMSBERG, Yavapai County Attorney, Petitioner,**

v.

**The Honorable Paul G. ROSENBLATT, Judge of the Superior Court of Yavapai County, and George R. O'BARTS and Belva O'Barts and Granite Development Company, an Arizona corporation, Real Parties in Interest, Respondents.**

No. 12267.

Supreme Court of Arizona,
In Banc.

Dec. 19, 1975.

Rehearing Denied Jan. 27, 1976.

Charles E. Preimsberg, Yavapai County Atty. by W. Michael Kelley, Deputy County Atty., Prescott, for petitioner.

Stan A. Lehman, Prescott, for respondents.

HOLOHAN, Justice.

Respondents George R. O'Barts, Belva O'Barts and Granite Development Company were indicted for fraud. The motion by respondents to quash the indictment was granted by the respondent judge. We accepted jurisdiction of the petition by the state for a special action.

The issue presented is whether Rule 16.7 of the 1973 Rules of Criminal Procedure allows the trial court to test the factual sufficiency of an indictment.

The record reflects that, despite the designation of the motion as one to quash, the matter was correctly treated as a motion to dismiss, and the record further reflects that the issue was narrowed to the sufficiency of the evidence presented to the Grand Jury.

[THE COURT:] "So, that is what the Court is concerned with and that is the legal sufficiency of the indictment which has been properly raised by the defendant by his Motion to Quash, Motion to Dismiss or Motion for a New Finding of Probable Cause.

"You are not saying that there are an insufficient number of grand jurors present or that there was a procedural defect in the indictment of the grand jury proceedings, is that right?

"MR. LEHMAN: That is correct.

"THE COURT: So what I am concerned with on his Motion is the legal sufficiency of the indictment which is based on the testimony presented to the grand jury; so if you want to direct your argument to that, you can.

"MR. KELLEY: What rule applies concerning the legal sufficiency?

"THE COURT: 16.7.

\*    \*    \*    \*    \*    \*

"MR. KELLEY: Your Honor, Mr. Lehman is still trying to get the Indictment dismissed on the basis of factual

sufficiency and that is not what the Rule states.

\*   \*   \*   \*   \*   \*

"THE COURT: Counsel, the Indictment is a piece of paper. I have read the law and it goes beyond the Indictment of the Grand Jury, not the piece of paper; that was the Indictment. What went on in the Courtroom when the evidence was put to the Grand Jury, that was the Indictment; that is what we are interested in, not a piece of paper.

"You have no desire to respond to the argument, to the sufficiency of the evidence presented to the Grand Jury for their determination?

"MR. KELLEY: Your Honor, the sufficiency of the evidence is clear in the Transcript of the record of the Grand Jury hearing.

"THE COURT: That is precisely why we are here to determine whether or not there is sufficient evidence for the Indictment."

Rule 16.7(b) provides:

"b. On Defendant's Motion. The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law."

■ There was no intention in the adoption of Rule 16.7 to change the long established rule that an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Calandra*, 414 U. S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *Holt v. United States*, 218 U.S. 245, 31 S. Ct. 2, 54 L.Ed. 1021 (1910). A trial court has no power to inquire into or weigh the legal sufficiency of the evidence presented to the grand jury from which an indictment resulted.

It is abundantly clear from the record that the trial judge was concerned and troubled by the lack of evidence and the type of testimony presented to the grand jury.

[THE COURT:] "Did you ever tell them what the elements of the crimes are, or did you have any witnesses come forward to testify as to the conduct of the O'Barts, individually as they related to each crime and Granite Development Company?

"MR. KELLEY: I don't believe I need to. Hearsay evidence is all that is necessary.

"THE COURT: Hearsay evidence. Much of what you testified to is not evidence of a crime being committed. This is a difficult question of law, but it is very important. That means you have to prepare your cases very carefully before you go to the Grand Jury. Bring the witnesses before the Grand Jury and give them the opportunity to inquire of the witnesses. That is what the whole statute on the Grand Jury is designed to do. Give them the opportunity to determine whether there was a public offense, give them the opportunity to cross examine; that is their power and authority."

■ Much of the criticism leveled against the grand jury system arises out of presentations of cases in the manner followed in this case. The trial judge gave the prosecutor good advice, but this does not mean that the trial court had the authority to dismiss the indictment on the grounds of insufficiency of the evidence presented to the grand jury. The weight and sufficiency of the evidence for indictment is a decision which history and the Constitution leave to the judgment of the citizens chosen to serve as members of the grand jury.

The order dismissing the indictment is set aside, the indictment is reinstated, and the period of time from the order of dismissal to the receipt of the mandate by the

superior court shall be deemed an excluded period under Rule 8.4, Rules of Criminal Procedure, 17 A.R.S.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ.