OPINION OF THE COURT
Ernst H. Rosenberger, J.
Defendant has been indicted, charged with one count of bribe receiving in the second degree (Penal Law, § 200.10) and one count of promoting prison contraband in the second degree (Penal Law, § 205.20, subd 1). It is alleged that defendant, while a correction officer assigned to the Men’s House of Detention on Rikers Island, in furtherance of an agreement and understanding with an undercover police officer, whose true identity was unknown to him, and an inmate of the facility, accepted $200 in exchange for supplying the inmate with marihuana and $50 in cash.
Defendant moves the court, inter alla, for dismissal of the indictment on the grounds that the prosecutor’s failure to instruct on entrapment impaired the integrity of the Grand Jury.
Defendant’s claim that the prosecutor’s failure to instruct the Grand Jury on the affirmative defense of entrapment warrants dismissal of the indictment lacks merit. The evidence before the *520 Grand Jury did not demonstrate entrapment. There was no suggestion in the testimony or exhibits (tape-recorded conversations) that the investigators or informant did any more than to present an opportunity to the defendant to commit a crime which he was ready, willing and able to commit. To the contrary, the evidence reveals the defendant’s suggestion of the commission of another crime (possession of cocaine). A charge on entrapment would be required, even to a petit jury, only in circumstances in which the evidence presented was sufficient to raise the issue.*
In People v Valles (62 NY2d 36), the Court of Appeals held that a prosecutor must instruct a Grand Jury as to exculpatory defenses, but not as to mitigating defenses. Exculpatory defenses are those which “would, if believed, result in a finding of no criminal liability” (supra, at p 38). A mitigating defense “would not, by itself, result in a verdict of not guilty, and thus the criminal prosecution would not have been unwarranted” (supra, at p 39). Entrapment is an exculpatory defense.
Though not applicable to this case for the factual reasons set forth, the holding in People v Valles (supra) raises a troublesome issue. As an affirmative defense, the burden of proving entrapment falls on the defense with a preponderance of evidence standard. (Penal Law, § 25.00, subd 2.) A Grand Jury would have to be so instructed. This poses no difficulty. A more difficult point is raised by that evidence which becomes relevant regarding entrapment defenses.
Section 40.05 of the Penal Law defines entrapment: “In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, or by a person acting in cooperation with a public servant, seeking to obtain evidence * * * and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it.” (Emphasis supplied.)
Since a thrust of the entrapment defense is predisposition, it renders evidence of a defendant’s prior bad acts relevant and admissible. Evidence of a defendant’s prior bad acts and convictions is generally collateral and inadmissible before both petit and Grand Juries. (People v Molineux, 168 NY 264, 291-293; CPL 60.40.) This is on the theory that, due to its highly prejudicial nature, prior crimes evidence will impassion the jury to *521 conclude that the defendant is a bad person, and to convict him as such, irrespective of the actual proof presented with respect to the crime charged. In a case where the evidence merely suggests the defense of entrapment, other crimes evidence seemingly poses a far greater threat of prejudice to a defendant than the omission of an instruction on entrapment. This is especially so in view of the fact that the prosecutor alone, at the Grand Jury level, has the discretionary authority to balance probative value against prejudicial effect, and to rule on the admissibility of other crimes evidence. (CPL 190.30, subd 5; see People v Adams, 81 Misc 2d 528.) The rule in People v Valles (supra) could vitiate the protective function of the Grand Jury and increase the risk of unfounded prosecutions. Finally, it is well settled that Grand Jury instructions need not be framed with the same degree of precision as petit jury instructions. (People v Calbud, Inc., 49 NY2d 389, 394.)
Therefore, the motion to dismiss the indictment for inadequate instructions is denied.

 Compare People v Karassik (90 Misc 2d 839), cited in dissent of People v Valles (62 NY2d 36, 44).