778 P.2d 1288

The STATE of Arizona ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Frank T. Galati, a judge thereof, Respondent Judge,

David Robert VALENTI, Real Party in Interest.

No. 1 CA–SA 88–177.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 31, 1989.

Review Denied Sept. 19, 1989.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty, Phoenix, for petitioner.

Patterson & Terribile by Daniel B. Patterson, Phoenix, for real party in interest.

## OPINION

FIDEL, Presiding Judge.

In *State ex rel. Collins v. Udall,* 149 Ariz. 199, 717 P.2d 878 (1986), the Arizona Supreme Court ruled that the state must make a bifurcated presentation to the *trial jury* in a felony DWI prosecution when prior convictions are alleged. This case presents the question whether a bifurcated presentation is likewise required to the *grand jury* when a felony DWI indictment is sought. Because the question is of state-wide importance, we exercise our special action jurisdiction to decide it.

### Procedural History

On May 31, 1988, the Maricopa County Grand Jury received evidence to the effect that the defendant David Robert Valenti was intoxicated while operating his motor vehicle within the county on April 18, 1988. This evidence provided probable cause for indictment for violation of A.R.S.

§ 28–692(A).[1] The prosecutor did not pause to secure such an indictment at that stage of the evidence. Instead, he went on to present evidence that the defendant had twice within the past sixty months been convicted for violations of § 28–692(A). Had the grand jury not heard evidence of these prior convictions, it could only have charged defendant with a misdemeanor pursuant to A.R.S. § 28–692.01(B).[2] On the basis of the complete evidence, however, the grand jury charged the defendant with class 5 felonies pursuant to § 28–692.01(F).[3]

Thereafter, the defendant moved that the superior court remand for a new finding of probable cause, and the Honorable Frank T. Galati granted the defendant's motion. Judge Galati interpreted the *Udall* decision to require the bifurcation of grand jury proceedings when a felony DWI indictment is sought. He stated:

> Because *State ex rel. Collins v. Udall,* ... clearly holds that a prior conviction for violation of A.R.S. § 28–692 is not an element of the offense of driving while under the influence of intoxicating liquor with two prior convictions within 60 months, a class 5 felony, a fair and impartial presentation of the evidence requires that proof of the defendant's prior convictions not be presented to the grand jury until after a probable cause determination has been made on the underlying offense. Therefore,
>
> IT IS ORDERED granting Defendant's Motion to Remand for New Finding of Probable Cause.

From that order, the state sought special action relief, which we granted, indicating by our order that an explanatory opinion would follow.

### Analysis

The supreme court reasoned in *Udall* that a prior conviction is "not an element of

---

1. A.R.S. § 28–692(A) provides:

    It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

2. A.R.S. § 28–692.01(B) provides in pertinent part:

    A person who is convicted of a violation of § 28–692 is guilty of a class 1 misdemeanor....

3. A.R.S. § 28–692.01(F) provides in pertinent part:

    If a person is convicted of a third or subsequent violation of § 28–692 ... within a period of sixty months, the person is guilty of a class 5 felony....

the basic offense" of driving while under the influence of intoxicating liquor; rather, it is a punishment-enhancer pursuant to A.R.S. § 28–692.01(F). 149 Ariz. at 200, 717 P.2d at 879. Accordingly, in felony DWI prosecutions, bifurcated proof of prior convictions is required by Rule 19.1(b), 17 A.R.S. Arizona Rules of Criminal Procedure.[4] *Id.*

The question in this case is whether bifurcation is similarly required at the grand jury level. We conclude that it is not.

First, whether or not evidence of prior convictions is regarded as *elemental,* it is nonetheless *essential* at the charging stage if the charge is felony DWI. Proof of prior convictions not only enhances the ultimate punishment; it also escalates the initial charge from misdemeanor under § 28–692.01(B) to felony under § 28–692.01(F). Absent such proof, the grand jury could not decide the proper charge.

Second, Rule 19.1(b) requires only the bifurcation of evidence at trial. No counterpart among the rules requires bifurcated proof to the grand jury.

Third, we consider the purpose of bifurcation at trial—to prevent the jury from being swayed by knowledge of past convictions when deciding the defendant's guilt or innocence of the present charge. We acknowledge similar potential for prejudice at the grand jury level. That is, in a close case, a grand jury informed of prior convictions might more readily find probable cause for present indictment than a grand jury not so informed. Judge Galati's order was responsive to that risk.

However, at the grand jury level, unlike the trial level, bifurcation would be ineffective to alleviate the risk. At the conclusion of the first stage of a bifurcated presentation, a grand jury persuaded of probable cause could return only a misdemeanor indictment. In a second stage, the same grand jury would promptly be asked to decide whether to rescind the misdemeanor indictment and enlarge the charge to felony. Because grand juries are reserved almost exclusively for the consideration of felonies, any grand jury panel would quickly come to recognize whenever a DWI case was presented for misdemeanor indictment that the prosecutor held a second shoe to drop.

Neither the *Udall* case nor the criminal rules of procedure nor existing notions of fundamental fairness require so cumbersome, impractical, and ineffective a procedure.

For the foregoing reasons, by previous order, we granted the state's petition for special action and directed the trial court to set aside its order of remand.

EUBANK and JACOBSON, JJ., concur.

---

4. Rule 19.1(b) provides:
    In all prosecutions in which a prior conviction is alleged, unless such conviction is an element of the crime charged, the procedure shall be as follows:
      (1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.
      (2) If the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction.