876 P.2d 1143

Ralston Orlando PITTS, Petitioner,

v.

The Honorable Charles D. ADAMS, a judge, Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

The STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Real Party in Interest.

No. CV–93–0341–PR.

Supreme Court of Arizona, En Banc.

July 5, 1994.

Aspey, Watkins & Diesel by Bruce S. Griffen, Flagstaff, for petitioner.

Richard M. Romley, Maricopa County Atty., by Diane E.W. Gunnels, Cindi S. Nannetti, Deputy County Attys., Phoenix, for real party in interest.

**OPINION**

MOELLER, Vice Chief Justice.

The superior court denied defendant's motion to dismiss or to remand to the grand jury for a new finding of probable cause. Defendant then filed a special action in Division One of the Court of Appeals challenging that ruling. That court, in a two-one opinion, accepted jurisdiction, granted relief, and ordered the trial court to remand the case for a new finding of probable cause. *Pitts v. Superior Court*, 176 Ariz. 521, 862 P.2d 894 (App.1993). We granted the state's petition for review. The case was accelerated in this court and we had oral argument. Thereafter, we entered the following order:

> After hearing argument and reviewing the transcript of the grand jury proceedings, the Court concludes, beyond doubt, that the evidence of the alleged prior acts did not affect the grand jury's result and that, on the other evidence presented, the grand jury would have found probable cause. The Court of Appeals erred in ordering remand to the grand jury, even if the evidence was improperly presented. It appearing, therefore, that any error in admission of evidence was harmless,
>
> IT IS ORDERED that, to expedite resolution of the case, the trial court may proceed with the trial and other proceedings appropriate for that purpose while this Court retains jurisdiction of the special action proceedings on which review was granted.

Having concluded that the harmless error doctrine applies to grand jury proceedings, and that it was appropriate to apply the doctrine under the facts of this case, this case is moot. In light of the fact that we have, by order, heretofore reversed the court of appeals, we now vacate the court of appeals' opinion of September 3, 1993, without discussion of the merits of either the majority opinion or of the dissent.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.