543 P.2d 118

**STATE of Arizona, Appellee,**

v.

**Bobby Joe HORNER, Appellant.**

**No. 2967.**

Supreme Court of Arizona,
En Banc.

Dec. 8, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by R. Wayne Ford, Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Green & Berman, P. C., by Norman E. Green, David M. Berman, Phoenix, for appellant.

HAYS, Justice.

Bobby Joe Horner was convicted of voluntary manslaughter. We have jurisdiction of his appeal pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Horner contends that he was denied due process during the grand jury proceedings. He was charged by the county attorney with murder and was indicted. A timely motion to quash the indictment was made and denied.

The grand jury during its hearing was apparently concerned with the degree of murder, the actual killing of the victim by Horner not really being in issue. The deputy county attorney primarily presented the facts of the homicide and read the statutes defining murder and the statute distinguishing manslaughter. ARS §§ 13-451, 13-452, 13-456. However, in answering a question of a grand juror, the prosecutor misstated the law in saying that "killing without malice aforethought is murder in

the second degree." The prosecutor also did not discuss self-defense nor justifiable homicide with the grand jury.

The motion to quash was properly denied. The grounds for such a motion are specifically stated in Rule 169 of the rules of criminal procedure then in effect and these grounds are exclusive. *State v. Johnson,* 80 Ariz. 45, 292 P.2d 465 (1956).

The appellant raises the broader question of due process, however, but he misunderstands the role of the grand jury. A grand jury must return an indictment if it finds that there is probable cause to believe that the person under investigation is guilty of the offense charged. ARS § 21–413; Rule 103(B), 1956 Rules of Criminal Procedure. If a juror does not believe that probable cause exists, his remedy is to vote against a true bill. In fact, no indictment will later be dismissed on the ground that there was insufficient legal evidence. Rule 103(A), 1956 Rules of Criminal Procedure. To hold otherwise would turn grand jury proceedings into preliminary trials.

The grand jury in this case was properly instructed on the elements of the charge of murder. The prosecutor made his misstatement of law, after having read the relevant statutes to the grand jury, as part of an unresponsive answer to a juror's question which question was itself outside the scope of the jury's proper concern. There was ample evidence to support a finding of probable cause that Horner was guilty of murder. There was no denial of due process in the proceedings.

The appellant's second point on appeal is that the evidence was insufficient to support a finding of guilty of voluntary manslaughter. Horner had argued that he acted in self-defense. We have reviewed the entire record and have no difficulty in sustaining the conviction.

The imposition of sentence was suspended for ten years. Horner was placed on probation, a condition of which was six months in the county jail, and he was fined $2000.

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., HOLOHAN, J., and JACK L. OGG, Court of Appeals Judge, concurring.

Note: Justice LORNA L. LOCK-WOOD, retired, did not participate in the determination of this matter. Judge JACK L. OGG, Court of Appeals, Division One, was called to sit in her stead.