842 P.2d 1368

**Debra A. O'MEARA and Melroy L. Urban, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Robert L. Gottsfield, a judge thereof, Respondent Judge,**

**STATE of Arizona, ex rel. Richard ROMLEY, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 92–0160.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 1, 1992.

Review Granted Jan. 20, 1993.

Tom Karas, Ltd. by Tom Karas, Phoenix, for petitioner Debra A. O'Meara.

Debus & Kazan by Larry L. Debus, Phoenix, for petitioner Melroy L. Urban.

Richard M. Romley, Maricopa County Atty. by Vicki Kratovil, Kevin Maricle, Deputy County Attys., Phoenix, for real party in interest.

## OPINION

GARBARINO, Judge.

The petitioners (defendants) in this special action request review of the trial court's order denying their motion to dismiss the indictment and remand the case to the grand jury for a new determination of probable cause. The issue presented focuses upon the prosecutor's duty to instruct the grand jurors on the law applicable to the offense charged. We previously accepted jurisdiction, with an opinion to follow. This is that opinion. We grant relief.

The 144th Grand Jury of Maricopa County returned the indictment in this case. It was impaneled on March 18, 1992. At the time of the impaneling, the transcript reflects that the county attorney attending the grand jury read to them the 35 definitions set forth in Ariz.Rev.Stat.Ann. (A.R.S.) section 13–105. A.R.S. section 13–105 includes the definition of the mental state of "knowingly" as well as 34 other definitions. The transcript further reflects that on March 18, 1992, the grand jury was read a total of 28 pages of definitions and statutes.

On April 29, 1992, almost six weeks later, the grand jury returned an indictment charging each of the defendants, Debra A.

O'Meara and Melroy L. Urban, with one count of possession of marijuana for sale and one count of transportation of marijuana for sale. Both counts are violations of A.R.S. sections 13–3405 and 13–3401. A.R.S. section 13–3405(A) provides as follows:

A. A person shall not *knowingly:*

1. Possess or use marijuana.

2. Possess marijuana for sale.

3. Produce marijuana.

4. Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

(Emphasis added.)

The parties agree that the grand jury was correctly and in a timely manner instructed as to A.R.S. sections 13–3401 and 13–3405 which are the general marijuana statutes. However, the defendants argue that at the time the case was presented the state failed to reinstruct the grand jury as to the definition of "knowingly," the required culpable mental state for the crimes of possession of marijuana for sale and transportation of marijuana for sale. In response, the state argues that when the grand jury was impaneled, six weeks before this case was presented, it was instructed on the 35 definitions set forth in A.R.S. section 13–105 which included the definition of "knowingly."

We have jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, and the Arizona Constitution, article 6, section 5(1). We conclude that the failure of the trial court to remand this case for a new finding of probable cause was an abuse of discretion. Accordingly, we order a remand for a redetermination of probable cause.

The defendants argue that because the state failed to provide the grand jury with proper legal advice in a meaningful manner at the time the case was presented to them, the defendants were denied due process. The state reasons that the general instructions given the grand jury almost six weeks earlier suffice to meet the requirements of due process. We disagree.

A defendant is entitled to due process in grand jury proceedings. *State v. Emery*, 131 Ariz. 493, 506, 642 P.2d 838, 851 (1982). The primary function of the grand jury is to determine whether probable cause exists to believe that a crime has been committed and that it was committed by those accused. *State v. Baumann*, 125 Ariz. 404, 408, 610 P.2d 38, 42 (1980). By failing to meaningfully instruct the grand jury as to the law to be applied and to draw the jury's attention to the requisite facts upon which to base an indictment, the state failed in its obligation to present the case in a fair manner. There is a duty of good faith on the part of the prosecutor when dealing with the court, the grand jury, and the defendant. *Nelson v. Roylston*, 137 Ariz. 272, 276, 669 P.2d 1349, 1353 (1983). In *Crimmins v. Superior Court*, 137 Ariz. 39, 41, 668 P.2d 882, 884 (1983), the court stated:

The duties of fair play and impartiality imposed on those who attend and serve the grand jury are meant to ensure that the determinations made by that body are informed, objective and just.

It is unfair to the defendants for the state to speculate that the grand jury could remember the definition of a legal term read to it six weeks earlier during the opening session of the grand jury along with 34 other definitions and numerous statutes. It is even more speculative to suggest that the grand jury would apply a definition that it may or may not recollect to the facts of the instant case. Without proper and meaningful instruction, the decisions of a grand jury are made in a vacuum without support in law and contrary to the basic principles of fairness set forth in *Crimmins.*

The state has a duty to present the law and the facts to the grand jury in a fair and unbiased manner. This duty of fairness becomes even more obligatory because of the ex parte nature of grand jury proceedings. The failure to present the applicable law to the grand jury in a meaningful manner which would allow it to make an informed and just determination denies the accused a substantial procedural

right and therefore, due process. There are many times when the state, because of its dominant position, might elect to sacrifice procedural fairness in order to be cost efficient. Neither the United States Constitution nor the Arizona Constitution make provision for such an election. To the contrary, they mandate that the concepts embodied therein be safeguarded at all cost. The order of the trial court denying the defendants' motion is vacated and the trial court is ordered to dismiss the indictment and to remand the case to the grand jury for a redetermination of probable cause.

GRANT, P.J., and CONTRERAS, J., concur.