851 P.2d 1375

**Debra O'MEARA and Melroy L. Urban, Petitioners,**

v.

**The Honorable Robert L. GOTTSFIELD, a judge of the Superior Court of Arizona, in and for the County of Maricopa, Respondent Judge,**

**STATE of Arizona ex rel. Richard M. ROMLEY, Maricopa County Attorney, Real Party in Interest.**

**No. CV–92–0492–PR.**

Supreme Court of Arizona, En Banc.

May 4, 1993.

Tom Karas, Ltd. by Tom Karas, Phoenix, for petitioner Debra A. O'Meara.

Debus & Kazan by Larry L. Debus, Phoenix, for petitioner Melroy L. Urban.

Richard M. Romley, Maricopa County Atty. by Kevin Maricle, Deputy County Atty., Phoenix, for real party in interest State of Ariz.

OPINION

CORCORAN, Justice.

We granted this petition for review to decide whether the requirements of due process are satisfied when: the prosecutor reads all relevant statutes to the grand jury at the commencement of its term, provides the grand jurors with a copy of all relevant statutes for reference, and asks the grand jurors if they later want statutes reread or clarified, although he does not *r*einstruct the grand jury at a time close to the issuance of an indictment. We hold that this procedure satisfies due process. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and rule 23, Arizona Rules of Civil Appellate Procedure.

## Factual and Procedural History

A grand jury was impaneled on March 18, 1992 for a term of approximately 4 months to determine whether probable cause existed to indict a number of people for various crimes. *See* A.R.S. § 21–403. Among them were petitioners Debra A. O'Meara and Melroy L. Urban (defendants) who were each indicted on one count of possession of marijuana for sale, and one count of transportation of marijuana for sale, in violation of A.R.S. § 13–3405. These crimes require the mental state of "knowingly." A.R.S. § 13–3405(A).

At the beginning of the grand jury's term, the prosecutor gave the jurors a copy of the Criminal Code, Title 13, Arizona Revised Statutes, to use as a reference throughout the proceedings. The Criminal Code contained the relevant substantive statutes. Later that day, he read to the jurors § 13–105, the Criminal Code's definitions section, which includes a definition of "knowingly." Section 13–105(6)(b) states:

> "Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

On March 20, 1992, the prosecutor read to the grand jury A.R.S. §§ 13–3401, which primarily lists substances defined as illegal drugs, and –3405, which makes it a crime to knowingly possess and transport marijuana for sale. Section 13–3401 was read again on March 25, 1992.

The grand jury next convened on April 29, 1992. Before presenting evidence relating to defendants O'Meara and Urban, the prosecutor reminded the grand jurors that the relevant statutes, A.R.S. §§ 13–3401 and –3405, had been read to them in March. He asked if the jurors wanted the statutes reread or clarified. They did not. After the evidence was presented, the prosecutor asked if the jurors had any legal questions. They had none. On that same day, the grand jury indicted both defendants.

Defendants filed a motion in the superior court to dismiss the indictment and remand for a new probable cause determination. *See* rule 12.9, Arizona Rules of Criminal Procedure. The motion was denied. Defendants next filed a special action in the court of appeals requesting review of the trial court's order. They argued that the prosecutor's failure to reinstruct the grand jury on the definition of "knowingly" before the grand jury returned a true bill was improper. The court of appeals vacated the trial court's order and remanded to the superior court to dismiss the indictment and remand the case to the grand jury for a probable cause redetermination. *O'Meara v. Superior Court*, 173 Ariz. 355, 842 P.2d 1368 (App.1992). On November 5, 1992, the court of appeals denied the state's motion for reconsideration. We granted an expedited review of the court of appeals' opinion.

## Discussion

■ A grand jury proceeding may be challenged on the grounds "that the defendant was denied a substantial procedural right." Rule 12.9. "[D]ue process ... requires the use of an unbiased grand jury and a fair and impartial presentation of the evidence." *Crimmins v. Superior Court*, 137 Ariz. 39, 41, 668 P.2d 882, 884 (1983).

The court of appeals relied on *Crimmins* to support its finding that the grand jury proceedings in this case breached the defendants' right to due process. The court reasoned that the state's

> failure to present the applicable law to the grand jury in a meaningful manner which would allow it to make an informed and just determination denies the accused a substantial procedural right and therefore, due process.

*O'Meara*, 173 Ariz. at 356–57, 842 P.2d at 1369–70. Based on the circumstances in this case, however, the court of appeals' reliance is misplaced.

We found a due process violation in *Crimmins*. 137 Ariz. at 43, 668 P.2d at 886. The facts in *Crimmins*, however, were egregious. In *Crimmins*, the state's witness gave inaccurate testimony, and the

prosecutor *omitted* relevant instructions. 137 Ariz. at 42, 668 P.2d at 885. A due process violation resulted because:

> [T]he grand jury's inability to determine the case based on accurately depicted facts and the applicable law flawed its decision.... Petitioner was denied his right to due process and a fair and impartial presentation of the evidence by the manner in which the proceeding was conducted.

137 Ariz. at 43, 668 P.2d at 886. In this case, defendants have not alleged flawed testimony nor have relevant instructions been omitted. Thus, we find *Crimmins* distinguishable.

We further noted in *Crimmins* that "instruction on all relevant statutes satisfies due process." 137 Ariz. at 43, 668 P.2d at 886, *citing State v. Horner*, 112 Ariz. 432, 433, 543 P.2d 118, 119 (1975). We did not find a due process violation in *Horner* even though the prosecutor misstated the law after the grand jurors were properly instructed on the relevant law. 112 Ariz. at 433, 543 P.2d at 119. In the present case, the prosecutor correctly instructed the grand jury on all relevant statutes.

We have also stated that a separate instruction defining commonly understood terms is not necessary once a petit jury has been instructed on all relevant statutes. *State v. Smith*, 160 Ariz. 507, 774 P.2d 811 (1989). In *Smith*, the trial court instructed the jury on the crime of escape but did not define "knowingly," the culpable mental state. We found that a separate instruction defining the word "knowingly" was unnecessary, stating:

> Words that are used in their ordinary sense and are commonly understood require no definitional instruction to the jury. Here, "knowingly" falls into this category.

160 Ariz. at 511, 774 P.2d at 815.

We used the same analysis in earlier cases. *See, e.g., State v. Barnett*, 142 Ariz. 592, 691 P.2d 683 (1984); *State v. Villafuerte*, 142 Ariz. 323, 690 P.2d 42 (1984). In neither case did we find error where the trial court failed to separately instruct the petit jury on the culpable mental state, "intentionally." *Barnett*, 142 Ariz. at 595, 691 P.2d at 686; *Villafuerte*, 142 Ariz. at 329, 690 P.2d at 48.

■ These cases stand for the proposition that a separate instruction defining commonly understood terms is not necessary once the petit jury has been instructed on all relevant substantive statutes. We find this conclusive as to grand juries. Because grand juries use a lower standard of proof (probable cause) than do petit juries (beyond a reasonable doubt), the procedural requirements for grand juries should be no greater. We also believe that defendants in grand jury proceedings, due to the very nature of the grand jury, are not entitled to all the protections that are afforded defendants in jury trials. In *United States v. Calandra*, 414 U.S. 338, 349, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974), the Court stated:

> Because the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial.

We further reject defendants' argument that *Smith, Barnett,* and *Villafuerte* are distinguishable because they "all turned on defense counsel at trial either rejecting or failing to request an instruction, and that such failure did not result in fundamental, reversible error." Aside from not amounting to fundamental error, the fact that the instructions were omitted in these cases was not error at all.

### Conclusion

■ We reject the argument that the prosecutor violated defendants' due process rights by failing to reinstruct the grand jury on a definition. Due process requires only that the prosecutor read all relevant statutes to the grand jury, provide them with a copy of those statutes to refer to during deliberations, and ask if they want any statutes reread or clarified.

Accordingly, we vacate the court of appeals' opinion; affirm the trial court's order denying defendants' motion to dismiss

the indictment and remand for a new probable cause determination; and remand to the trial court for further proceedings.

MOELLER, V.C.J., and MARTONE, J., concur.

ZLAKET, Justice, specially concurring:

I concur in the result reached under the specific facts of this case, but cannot subscribe to the broader suggestion that the failure to reinstruct a grand jury with common legal definitions is never error. In cases with numerous issues or complex facts, or where there has been an unusually long delay between a recitation of the law and submission of the matter, repeating common definitions might be necessary to assure that grand jurors are fully informed in the exercise of their considerable powers. Additionally, such definitions would likely bear repeating, regardless of their apparent simplicity, where they might be difficult to apply or are crucial in a particular context.

Because an indictment can have catastrophic consequences for those charged, considerable attention should be paid to the task of ensuring that grand jurors fully understand their unique role, and the law they are to apply. I fail to understand why any conscientious prosecutor would ever take a chance with potentially insufficient jury instructions. Given a prosecutor's special ethical responsibility as a "minister of justice," *see* comment to E.R. 3.8, Arizona Rules of Professional Conduct, Ariz. R.Sup.Ct. Rule 42, 17A A.R.S., it should be incumbent upon him or her to exercise the utmost care and caution in grand jury proceedings. A few extra minutes to repeat legal definitions should not create an unreasonable burden and would seem to be the better practice.

Whether grand jurors decline an offer to have definitions read again, as here, should not be determinative. Most jurors are impatient with the system, sometimes with good reason. Moreover, it is the role of lawyers and judges, not jurors, to decide how and when to instruct on the law. In no other situation are jurors asked what law they want to hear, or how often they should hear it.

I also cannot agree with the implication that procedural safeguards should be less stringent in grand jury matters than elsewhere. In my judgment, the secret nature of the hearings, the absence of a judge, and the lack of an adversarial structure make these proceedings ripe for abuse, and warrant additional, not fewer, precautions. In this regard, I find unpersuasive the majority's reliance on *United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974). *Calandra* held that given the grand jury's broad inquisitorial powers, the deterrent purpose of the exclusionary rule is not served by allowing a grand jury witness to refuse to answer questions assertedly based on suppressed evidence. Such an analysis is not helpful here, where the challenge is to ensure that grand jurors are fully informed of the law they are expected to apply.

I also do not completely subscribe to the majority view that the *Smith, Barnett,* and *Villafuerte* cases "stand for the proposition that a separate instruction defining commonly understood terms is not necessary once the petit jury has been instructed on all relevant substantive statutes." 174 Ariz. at 578, 851 P.2d at 1377. I believe that pronouncement is too expansive. In those cases, the court concluded that absent objection or requested instruction by the defense, the failure at trial to instruct on certain definitions was not fundamental reversible error because the words "intentionally" (*Barnett*), "with the intent to" (*Villafuerte*) and "knowingly" (*Smith*) were commonly understood.

Here we are not conducting a fundamental error analysis. Moreover, the holdings of the foregoing cases do not easily translate to grand jury proceedings. Unlike trial jurors, grand jurors are not usually focused on one fact pattern. They customarily attend to a number of fact situations and criminal charges during a lengthy term of service. This setting, coupled with circumstances described above, might warrant the repetition of legal definitions even though the same circumstances might not

constitute fundamental reversible error at trial.

Finally, I have difficulty with an analysis that rests on the failure to show prejudice in the grand jury proceedings. Practically speaking, it is often impossible in a situation such as this for a defendant to demonstrate prejudice even when it exists. This is precisely why we must insist on adequate procedural safeguards throughout the process.

I am therefore unable to join in the majority's analysis. I concur in the result, however, because the record in this case clearly supports the finding of probable cause. There was nothing complex or potentially misleading about the facts or legal issues presented to this grand jury.

FELDMAN, Chief Justice, concurring.

I concur in the special concurrence.