JOHNSEN, Judge:
¶ 1 A grand jury indicted Edgar Alonzo Dominguez on a charge of first-degree murder. Dominguez asked the superior court to remand the charge for redetermination, arguing the prosecutor violated his due-process rights by failing to properly instruct the grand jury on premeditation. The superior court denied the motion. We accept jurisdiction of Dominguez's petition for special action and grant relief insofar as we hold that when a grand jury is considering a first-degree murder charge, the prosecutor may not instruct the jury on "premeditation" by simply reciting the statutory definition of that term. Instead, due process requires the prosecutor to instruct the jury as the supreme court mandated in State v. Thompson , 204 Ariz. 471, 479-80, ¶¶ 32, 34, 65 P.3d 420 (2003). We remand so that the superior court may determine whether the prosecutor so advised the grand jury in this case.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 On May 10, 2017, a grand jury indicted Dominguez on charges of first-degree murder and aggravated assault stemming from incidents in which he allegedly stabbed two men, killing one and seriously injuring the other. At the outset of the grand jury proceeding that day, the prosecutor instructed the grand jury as follows:
This is the investigation of Edgar A. Dominguez. This investigation involves alleged first degree murder and aggravated assault, both of which occurred on or about May 1st of 2017 in Maricopa County, Arizona.
To assist you in determining whether or not probable cause exists in this matter, the following statutes may be appropriate: ARS Section 13-105, 13-1105, 13-1101, 13-1203, and 13-1204.
Each of these statutes has been previously read to the grand jury panel with all members present according to Maricopa County attorney records on February 6th of 2017. Copies of these statutes have been provided to all members of the grand jury.
Are there any grand jurors who would like to have any of these statutes re-read or clarified at this time?
I take it by your silence the answer is no.
¶ 3 Dominguez filed a timely motion to have the murder charge remanded to the grand jury for redetermination of probable cause. He argued the Arizona Supreme Court ruled in Thompson that due process barred the use in a first-degree murder trial of a jury instruction that merely recites the *1251 definition of "premeditation" in Arizona Revised Statutes ("A.R.S.") section 13-1101 (2018).[1] The court in that case held the superior court erred by instructing the jury using the statutory definition because that definition could mislead juries by "needlessly emphasiz[ing] the rapidity with which reflection may occur." 204 Ariz. at 479, ¶ 32, 65 P.3d 420. The court crafted a new instruction defining premeditation and directed that trial juries be given the new instruction rather than the statutory definition. Id. Here, Dominguez argued the same principles apply when a grand jury is considering whether to indict a suspect on first-degree murder; he argued the prosecutor violated his due-process rights by failing to give the Thompson instruction to the grand jury that indicted him.
¶ 4 The State opposed Dominguez's motion to remand, and after hearing oral argument, the superior court denied the motion. Dominguez then filed this petition for special action.
¶ 5 Although our special action jurisdiction is discretionary, State ex rel. Romley v. Martin , 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142 (App. 2002), aff'd , 205 Ariz. 279, 69 P.3d 1000 (2003), special action is a criminal defendant's only avenue for review of a denial of a motion to redetermine probable cause. See State v. Murray , 184 Ariz. 9, 32, 906 P.2d 542 (1995). Because Dominguez has no adequate remedy by appeal, and because his petition raises an issue of statewide importance, we exercise our discretion to accept jurisdiction of his petition. See Article 6, Section 9, of the Arizona Constitution, A.R.S. § 12-120.21(A)(4) (2018) and Arizona Rules of Procedure for Special Actions 3, 4, and 7.[2]
DISCUSSION
A. The Supreme Court's Ruling in Thompson .
¶ 6 By statute, Arizona law defines "premeditation" for purposes of a first-degree murder charge as follows:
"Premeditation" means that the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by any length of time to permit reflection. Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.
A.R.S. § 13-1101(1).
¶ 7 In Thompson , the superior court had instructed the jury at trial on the definition of "premeditation" solely by reciting the term's statutory definition. The defendant challenged his conviction, arguing that instructing the jury that "[p]roof of actual reflection is not required" relieved the State of its constitutional burden to prove premeditation and eliminated any meaningful distinction between first- and second-degree murder. 204 Ariz. at 473, 474, ¶¶ 1, 8, 65 P.3d 420. The supreme court agreed that instructing the jury that "proof of actual reflection is not required"-language taken directly from the statute-could relieve the State of the burden of proving reflection and thereby render the first-degree murder statute unconstitutional. Id. at 478, ¶¶ 26-27, 65 P.3d 420. Ruling that trial juries should not be instructed using the statutory definition, the court explained:
Our decision today distinguishes the element of premeditation from the evidence that might establish that element. Although the mere passage of time suggests that a defendant premeditated-and the state might be able to convince a jury to make that inference-the passage of time is not, in and of itself, premeditation. To allow the state to establish the element of premeditation by merely proving that sufficient time passed to permit reflection would be to essentially relieve the state of its burden to establish the sole element that distinguishes between first and second degree murder.
* * *
*1252 In short, the passage of time is but one factor that can show that the defendant actually reflected. The key is that the evidence, whether direct or circumstantial, must convince a jury beyond a reasonable doubt that the defendant actually reflected.
Id. at 478, 479, ¶¶ 29, 31.
¶ 8 The court then announced an instruction that "trial judges should, in future cases" use to instruct juries:
"Premeditation" means that the defendant intended to kill another human being [knew he/she would kill another human being], and that after forming that intent [knowledge], reflected on the decision before killing. It is this reflection, regardless of the length of time in which it occurs, that distinguishes first degree murder from second degree murder. An act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.
Id. at 479, ¶ 32 (bracketed text in original). The court continued, "Only when the facts of a case require it should a trial judge instruct the jury, or may the state argue, that 'the time needed for reflection is not necessarily prolonged, and the space of time between the intent [knowledge] to kill and the act of killing may be very short."' Id. at 479-80, ¶ 32, 65 P.3d 420.
B. Thompson 's Applicability to Grand Juries.
¶ 9 Thompson addressed an instruction given to a petit jury in a murder trial; Dominguez argues due process likewise requires that a grand jury considering a first-degree murder charge be given the expanded and clarified definition the supreme court mandated in that case. The State argues to the contrary, citing O'Meara v. Gottsfield , 174 Ariz. 576, 578, 851 P.2d 1375 (1993), for the proposition "that defendants in grand jury proceedings, due to the very nature of the grand jury, are not entitled to all the protections that are afforded defendants in jury trials."
¶ 10 It cannot be denied "that an accused is entitled to due process during grand jury proceedings." Crimmins v. Super. Ct. , 137 Ariz. 39, 41, 668 P.2d 882 (1983). Due process requires, inter alia , that the accused be afforded "a fair and impartial presentation of the evidence." Id ."The duties of fair play and impartiality imposed on those who attend and serve the grand jury are meant to ensure that the determinations made by that body are informed, objective and just." Id . Implicit in these duties is the requirement that prosecutors adequately inform grand jurors not only about the facts, but also about the relevant law. See id . The prosecutor therefore is required to "instruct the grand jury on all the law applicable to the facts of the case, even if the grand jury does not make any specific request for additional legal instruction." Trebus v. Davis , 189 Ariz. 621, 623, 944 P.2d 1235 (1997).
¶ 11 In O'Meara , the defendant challenged the Maricopa County Attorney's practice of reading "all relevant statutes to the grand jury at the commencement of its term, provid[ing] the grand jurors with a copy of all relevant statutes for reference, and ask[ing] the grand jurors if they later want statutes reread or clarified," without necessarily re-instructing the grand jury in any detail when it convenes later to consider a particular charge. 174 Ariz. at 576, 851 P.2d 1375. In that case, when the grand jury convened for the first time, the prosecutor gave the grand jurors a copy of the Criminal Code and read them specific statutory provisions; when the grand jury convened again more than a month later to hear presentation of evidence, the prosecutor reminded the jurors of the relevant statutes and asked if they wanted the statutes reread or clarified. Id. at 577, 851 P.2d 1375. The supreme court held this process satisfied a suspect's due-process right to have the grand jury properly instructed on the law: "Due process requires only that the prosecutor read all relevant statutes to the grand jury, provide them with a copy of those statutes to refer to during deliberations, and ask if they want any statutes reread or clarified." Id . at 578, 851 P.2d 1375.
¶ 12 The State offers no cogent reason why due process does not require a prosecutor to give a grand jury that is considering a first-degree murder charge the same expanded and clarified instruction that Thompson directed *1253 be given to a petit jury in such a case. The risk the Thompson court identified in the statutory definition of "premeditation" is that the words of the statute alone may allow "no meaningful distinction between first and second degree murder," thus "render[ing] the first degree murder statute impermissibly vague and therefore unconstitutional under the United States and Arizona Constitutions." 204 Ariz. at 478, ¶ 26, 65 P.3d 420. The same risk is present in the grand jury context: Improperly instructed using the language of the statute alone, a grand jury may hand down a first-degree murder charge without understanding that the crime requires proof "of actual reflection." Id. at 477, ¶ 23, 65 P.3d 420. Similarly, simply pointing grand jurors to the statute when they begin deliberating and asking them if they want clarification will not ensure that the grand jury is properly instructed as to the element of premeditation for first-degree murder. The result could be that a defendant is made to stand trial for first-degree murder when the charge is unsupported by probable cause. See O'Meara , 174 Ariz. at 578, 851 P.2d 1375 ("Because an indictment can have catastrophic consequences for those charged, considerable attention should be paid to the task of ensuring that grand jurors fully understand their unique role, and the law they are to apply.") (Zlaket, J., specially concurring). Cf. Korzep v. Super. Ct. , 172 Ariz. 534, 540, 838 P.2d 1295 (App. 1991) (remand for new finding of probable cause required when grand jury was not instructed on law that "could conceivably lead the grand jury to eschew an indictment").[3]
¶ 13 We therefore hold that due process requires that, when instructing a grand jury on the definition of "premeditation" for purposes of first-degree murder, the prosecutor must instruct the jury as Thompson requires and, consistent with O'Meara , 174 Ariz. at 578, 851 P.2d 1375, must provide the jurors a written copy of the expanded and clarified definition for their reference during deliberations. Further, when the grand jury is about to hear evidence on a first-degree murder charge and the prosecutor asks the jurors whether they want to have any statutes reread or clarified, when it comes to the term "premeditation," the prosecutor may not simply refer the jurors to the statutory definition, but must refer them to the expanded and clarified Thompson definition.
¶ 14 In its response to Dominguez's petition for special action, the State asserted for the first time that when the grand jury that indicted Dominguez first convened on February 6, 2017, the prosecutor did indeed provide the grand jurors with a definition of "premeditation" that satisfied Thompson's mandate. Dominguez disputes that the instruction satisfied the due-process concerns that Thompson addressed. The superior court has not had an opportunity to consider that issue because that court was not presented with a transcript of the February 6 proceeding in connection with the motion to remand.
¶ 15 Additionally, the transcript of the beginning of the May 10 proceeding at which the grand jury indicted Dominguez shows that the prosecutor referred the grand jury to a handful of statutes, including § 13-1101, without mentioning any expanded and clarified definition of "premeditation." See ¶ 2, supra. Although the transcript reflects that the prosecutor reminded the grand jurors that they had received written copies of the relevant statutes, including § 13-1101, the transcript does not reflect whether the grand jurors also were given written copies of any clarification pertaining to "premeditation" that the prosecutor provided to the grand jury when it first convened. Accordingly, on this record alone, we are unable to determine whether the prosecutor properly complied with Thompson and O'Meara. See Cespedes v. Lee , 243 Ariz. 46, ----, ¶ 10, 401 P.3d 995 (2017) (citing State ex rel. Thomas v. Granville , 211 Ariz. 468, 471, ¶ 8, 123 P.3d 662 (2005) (on review, "instructions to a jury are read as a whole, not in isolated parts, to ensure that a jury is properly instructed on the law") ).
*1254 CONCLUSION
¶ 16 We accept jurisdiction of this special action petition. We grant relief in part, ruling that due process requires that a grand jury considering a first-degree murder charge may not be instructed on the definition of "premeditation" solely using the language of A.R.S. § 13-1101(1). Instead, to avoid the constitutional infirmities in the statutory definition, the prosecutor must give the grand jury an expanded and clarified definition of "premeditation" as set out in Thompson . We remand this matter to the superior court so that it can determine whether the instructions the prosecutor gave to the grand jury that indicted Dominguez complied with Thompson and O'Meara .

Absent material revision after the relevant date, we cite a statute's most current version.

Upon deciding to exercise our discretion, we issued an order accepting jurisdiction and granting partial relief to Dominguez, advising that an opinion would follow. This is that opinion.

The State does not argue that any due-process violation here was harmless. See Pitts v. Adams , 179 Ariz. 108, 109, 876 P.2d 1143 (1994).