NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS GARCIA BALDERAS, *Appellant.*

No. 1 CA-CR 24-0039
FILED 03-18-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-000907-001
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

Jesus Garcia Balderas, St. Johns
*Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1        Jesus Garcia Balderas filed this brief under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Balderas's counsel certified he found no arguable, non-frivolous question of law. Counsel thus believes the appeal has no merit. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶¶ 30–31 (App. 1999). Counsel asks the court to search the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). The court accepted Balderas's supplemental brief, in which he raised 9 issues.

¶2        Balderas's 4 convictions and the resulting sentences are affirmed without the need for further briefing.

## FACTUAL AND PROCEDURAL HISTORY

¶3        The court views the facts in the light most favorable to sustaining the convictions and resolves all reasonable inferences against Balderas. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). The court will not reweigh the evidence. *State v. Lee*, 189 Ariz. 590, 603 (1997).

¶4        On November 7, 2020, the police responded to reports of a traffic incident and shots fired. Two officers encountered Balderas, who was on the phone and in the roadway. Balderas nodded when an officer asked him if he had shot someone. The officers arrested Balderas and seized his gun, which was in his waistband. The officers found 4 shell casings at the scene, 3 on the roadway and 1 on top of Balderas's vehicle. By trial, the State had tested the 3 casings found on the roadway but not the fourth.

¶5        Other officers went to a different location and approached a white vehicle with 3 bullet holes in it. An officer contacted the victim, KM, who had a possible gunshot wound to his back. There were 2 other people in the vehicle with KM—his brother, LM, and his nephew, a juvenile. The

nephew subsequently did a one-on-one identification of Balderas as "the person involved in the shooting incident."

¶6        The State charged Balderas with 3 counts of aggravated assault, each a class 3 felony, and one count of drive by shooting, a class 2 felony. *See* A.R.S. §§ 13-1204.A, .F, -1209.A, .D.

¶7        At trial, one of the State's witnesses testified that she saw 2 vehicles driving aggressively, with 1 vehicle trying to avoid collision, and the other cutting in front. She stated she saw a man's arm extend out of the trailing vehicle holding a gun, and fire at the car ahead. KM then testified Balderas followed him, flipped him off, and then shot at him after he moved to the right lane. KM denied having a weapon.

¶8        At trial, Balderas argued he acted out of self-defense and in defense of third parties—his pregnant girlfriend, their unborn child, and their young child. His girlfriend saw someone in the victim's vehicle with a gun, prompting Balderas to retrieve his gun. She testified Balderas fired only after attempts to avoid the other vehicle failed, and the other vehicle nearly collided with them.

¶9        The jury found Balderas guilty on all 4 counts: 3 counts of aggravated assault (counts 1-3) and 1 count of drive by shooting (count 4). After the jury returned its verdict, the parties stipulated to a dangerous finding for all 4 counts. The State did not ask the jury to find aggravating circumstances.

¶10        At sentencing, the superior court found aggravating circumstances, including KM's physical injury and the potential danger to other people around, including LM and KM's nephew. The superior court also found mitigating circumstances, including Balderas's strong family support, good work history, and lack of criminal history. The superior court sentenced Balderas to 3 concurrent slightly-mitigated, 7-year sentences for the 3 aggravated assault counts and 1 concurrent minimum term for the drive by shooting count. For each of those counts, the superior court credited Balderas for 32 days of presentence incarceration and imposed a term of community supervision.

¶11        The superior court granted Balderas's request to file a delayed appeal after finding Balderas "did not understand the deadlines through no fault of his own under Ariz. R. Crim. P. 32.4(b)(3)(D)." The court has jurisdiction over Balderas's delayed appeal under Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 13-4031 and -4033.A.1.

## DISCUSSION

¶12　　Balderas's counsel says he diligently searched the record and identified no arguable question of law. In his supplemental brief, Balderas raises 9 issues, which fit into 3 categories: (1) probable cause, (2) admissibility of evidence, and (3) justification of self-defense.

¶13　　When a defendant objects at trial, the court conducts a harmless error review in which the State bears the burden "to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Strong*, ___ Ariz. ___, ___ ¶ 45, 555 P.3d 537, 553 (2024) (quoting *State v. Henderson*, 210 Ariz. 561, 567 ¶ 18 (2005)). "Conversely, for issues not properly objected to at trial, we review for fundamental error only." *Id.* (citing *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018)).

¶14　　For fundamental error, "a defendant must establish both that fundamental error occurred and that it caused [the defendant] prejudice (though showing the former may establish the latter)." *Id.* (quoting *State v. Johnson*, 247 Ariz. 166, 185 ¶ 41 (2019)). Fundamental error must go "to the foundation of the case, take[] away from the defendant a right essential to [the defendant's] defense, or [be] of such magnitude that the defendant could not have possibly received a fair trial." *Id.* (quoting *Johnson*, 247 Ariz. at 185 ¶ 41). In assessing the alleged prejudice, the court reviews "whether, without the error, a reasonable jury could have reached a different result, even if substantial evidence of guilt exists." *Id.* (quoting *Escalante*, 245 Ariz. at 144 ¶ 34).

¶15　　We address each category in turn.

## I.　Probable cause supports the grand jury's indictment.

¶16　　Balderas argues the State did not establish probable cause to indict him because the police did not conduct a thorough search for a weapon, which Balderas alleges KM disposed of. Because Balderas raises this issue for the first time on appeal, the court reviews the challenge for fundamental error. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553.

¶17　　At bottom, Balderas argues the grand jury acted based on inadequate evidence. "The insufficiency of the evidence is not a valid ground for challenge to the finding of the grand jury." *State ex rel. Collins v. Kamin*, 151 Ariz. 70, 72 (1986). Arizona long ago established "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *Id.* (quoting

*State ex rel. Preimsberg v. Rosenblatt,* 112 Ariz. 461, 462 (1975). So Balderas establishes no fundamental error.

## II.     Admissibility of Evidence

¶18     The court reviews evidentiary issues for an abuse of discretion. *Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553.

1. **The superior court did not abuse its discretion when it allowed the investigating officer to testify about KM's wife translating KM's statements at the scene.**

¶19     Balderas argues the superior court should not have allowed testimony based on translations by KM's wife of KM's statements at the scene. At trial, Balderas questioned an officer about the propriety of using a family member of an alleged victim to translate. The officer testified the police usually try to call an interpreter, but KM's wife was present and calm, so he accepted her help. Balderas also asked the officer if he perceived any reliability issues, to which the officer said he could not "assume how another person is since that's my first time meeting them."

¶20     The superior court acted within its discretion when admitting this type of evidence. Balderas did not establish the evidence was unduly prejudicial. And the superior court allowed Balderas to challenge the propriety of the police using a relative to interpret at the scene. As above, after viewing the facts in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Balderas, the testimony does not undermine the sufficiency of the evidence supporting the jury's verdicts. *See Fontes*, 195 Ariz. at 230 ¶ 2.

2. **The superior court did not abuse its discretion in allowing Balderas to use a witness's inconsistent statements at the scene to impeach a witness's trial testimony.**

¶21     Balderas argues the victims gave inconsistent statements at trial from what they said at the scene. Balderas made this argument at trial. Balderas introduced a recording of KM's nephew's allegedly inconsistent statement to an officer after the incident. The superior court allowed Balderas to use the statement to impeach the nephew's testimony. The superior court acted within its discretion when admitting this type of evidence. The court will not reweigh the evidence. *See Lee*, 189 Ariz. at 603.

¶22     "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562 ¶ 16 (2011) (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990). "In reviewing the sufficiency of the evidence, we compare the evidence 'against the statutorily required elements of the offense.'" *State v. Brock*, 248 Ariz. 583, 592 ¶ 22 (App. 2020) (quoting *State v. Pena*, 209 Ariz. 503, 505 ¶ 8 (App. 2005)). The State presented evidence to support each element of the charged offenses. Balderas presented the impeaching evidence, and the superior court permitted the jurors to consider that impeachment when reaching their verdict.

**¶23**        The superior court properly instructed the jurors they could consider whether the prior statements were inconsistent when assessing the nephew's credibility and reliability, but not for the truth of the matter asserted. *See* Ariz. R. Evid. 613(b). And when the court views the facts in the light most favorable to sustaining the convictions and resolves all reasonable inferences against Balderas, the impeaching statements do not undermine the sufficiency of the evidence supporting the jury's verdict. *See Fontes*, 195 Ariz. at 230 ¶ 2.

### 3. The superior court did not abuse its discretion in allowing testimony about a fourth shell casing.

**¶24**        Balderas claims the fourth shell casing found on his vehicle should not have been presented to the jury. Because Balderas did not object to the testimony at trial, the court reviews for fundamental error. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553. During direct examination, the State established the officer had only just submitted the fourth casing for testing, so the results were not ready at trial. Balderas also questioned the officer about the fourth shell casing. And Balderas cross-examined the officer about the delay in testing. The superior court acted within its discretion when admitting this type of evidence. Balderas shows no resulting prejudice. Balderas shows no error, let alone fundamental error.

### 4. The superior court did not abuse its discretion when it allowed testimony about the police handling Balderas's belongings.

**¶25**        Balderas argues the police mishandled evidence, his personal belongings, when the police took him into custody. Balderas raised this argument at trial. The State objected to evidence of an officer taking Balderas's cell phone and it later being found in a trash can. After a sidebar discussion, the superior court admitted the evidence, which was within its discretion. Balderas questioned the officer extensively on this matter.

**¶26** Balderas argues the evidence establishes his innocence and concludes insufficient evidence supports his convictions. But Balderas presented and argued this evidence to the jury. The court, as it must, views the facts in the light most favorable to sustaining the convictions and resolves all reasonable inferences against Balderas. *See Fontes*, 195 Ariz. at 230 ¶ 2. And the court will not reweigh the evidence. *See Lee*, 189 Ariz. at 603.

**5. Balderas establishes no error regarding a third-party witness's testimony being consistent with Balderas's recorded interview and inconsistent with the victims' testimonies.**

**¶27** Balderas argues a third-party witness's testimony supported his version of the events. Balderas made this very argument during his closing at trial. The jury weighed this evidence and this argument in reaching its verdict. Once again, the court will not reweigh the evidence. *See Lee*, 189 Ariz. at 603. And sufficient evidence supports the jury's verdict.

**III. Sufficient evidence supports Balderas did not act in self-defense.**

**¶28** Balderas argues the evidence establishes he acted in self-defense to defend himself and his passengers. *See* A.R.S. §§ 13-404, -406. Balderas raised a self-defense claim at trial. Balderas's girlfriend testified she saw someone in the victim's vehicle with a gun which prompted Balderas to go into "protective dad mode." The superior court admitted her testimony. Because even the "slightest evidence" is sufficient, Balderas was entitled to a self-defense and defense of others instruction. *See State v. King*, 225 Ariz. 87, 90 ¶ 14 (2010); A.R.S. § 13-205.A.

**¶29** Therefore, it fell on the State to prove "the absence of self-defense" beyond a reasonable doubt. *See State v. Carson*, 243 Ariz. 463, 466 ¶ 11 (2018). On cross-examination of Balderas's girlfriend, the State brought up how she saw the person in the victim's vehicle point the gun when the windows of the victim's vehicle were rolled up. She said she could only see what was "right next to the window." She testified the victims could have thrown or hid the gun. But she acknowledged the police did not find a gun after searching the street and the pathway the victim's vehicle took. On redirect, the defense focused on whether Balderas's girlfriend knew how thorough the search for the gun was and about the tint of the window of the victim's vehicle.

**¶30** Balderas argues he was prejudiced when the superior court allowed an officer to tell the jury Balderas could have pulled into a cut-out driveway to avoid the confrontation. Because Balderas did not object to this

testimony at trial, the court reviews the challenge for fundamental error. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553. Balderas does not show how the testimony denied him a right essential to his defense or to a fair trial. *See id.* And Balderas does not establish "a reasonable jury could have reached a different result, even if substantial evidence of [his] guilt exists" without the error. *Id.* Balderas does not establish error, let alone fundamental error.

¶31        With Balderas's testimony and the officer's testimony, the jury could or could not "rationally sustain the defense." *State v. Strayhand*, 184 Ariz. 571, 587–88 (App. 1995). The jury found Balderas guilty after weighing those testimonies. Therefore, once again, the court will not reweigh the evidence. *See Lee*, 189 Ariz. at 603. And sufficient evidence supports his convictions.

**IV.    Beyond the issues Balderas raised, the court read and considered counsel's brief, fully reviewed the record for arguable, non-frivolous error and identified no such error.**

¶32        All the proceedings complied with Arizona Rules of Criminal Procedure. The superior court correctly empaneled 12 jurors and 2 alternates. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Balderas's presumed innocence. Balderas was present and represented by counsel at all stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The superior court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's unanimous verdict.

¶33        Balderas had a chance to speak at sentencing. *See* Ariz. R. Crim. P. 26.9 (requiring defendant's presence at sentencing); 26.10(c)(1) (allowing defendant to speak). Balderas's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶34        We decline to order further briefing and affirm Balderas's convictions and sentences.

¶35        After the filing of this decision, defense counsel's obligations pertaining to Balderas's representation in this appeal will end. Unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review, defense counsel need only inform

Balderas of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶36** The court, of its own accord, grants Balderas 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration). Balderas has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review or, if Balderas files a timely *in propria persona* motion for reconsideration, he has 15 days after the motion is decided. *See* Ariz. R. Crim. P. 31.21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR